United States District Court
Southern District of Texas
**ENTERED**
August 03, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| HECTOR PACHECO-MORALES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:21-CV-00147 |
| | § | |
| BRYAN COLLIER; DON BOSCOE; | § | |
| ISAAC KWARTENG; LANNET | § | |
| LINTHICORN; and TANYA LAWSON, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER
ACCEPTING MEMORANDUM AND RECOMMENDATION**

Plaintiff Hector Pacheco-Morales, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action under 42 U.S.C. § 1983.  Pacheco-Morales generally alleges an Eighth Amendment deliberate indifference claim against the following defendants: (1) Bryan Collier, Texas Department of Criminal Justice Executive Director; (2) Don Boscoe, University of Texas Medical Branch Director; (3) Isaac Kwarteng, Medical Director at the McConnell Unit; (4) Dr. Lannette Linthicum, Texas Department of Criminal Justice Director of Medical Services; and (5) Tanya Lawson, Administrative Manager (collectively, "the Defendants").

Pending before the Court is the October 5, 2021 Memorandum and Recommendation ("M&R") signed by Magistrate Judge Jason B. Libby.  (Dkt. No. 20).  In the M&R, Magistrate Judge Libby recommends that: (1) Pacheco-Morales's claims for damages against the Defendants in their official capacities be dismissed with prejudice, as barred by the Eleventh Amendment; (2) Pacheco-Morales's claims for injunctive relief

against the Defendants in their official capacities be dismissed with prejudice, as moot; and (3) Pacheco-Morales's claims against the Defendants in their individual capacities be dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), for failure to state a claim for relief.  (*Id.* at 1, 16).

Pacheco-Morales was provided proper notice and the opportunity to object to the proposed findings and recommendations.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A timely objection was filed.  (Dkt. No. 22).  As a result, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  But, "[p]arties filing objections must specifically identify those findings objected to.  Frivolous, conclusive or general objections need not be considered by the district court."  *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (per curiam) (quotations omitted).  "A general objection to a magistrate judge's findings is not sufficient—a party must object to the magistrate's finding or recommendation with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."  *United States v. Benton*, 523 F.3d 424, 428 (4th Cir. 2008) (cleaned up).  Relevant here, a court must liberally construe a *pro se* document.  *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam).

The Court finds that Pacheco-Morales has made a general objection.  Pacheco-Morales reasserts his belief that he did not receive adequate medical care at his previous assignment at the McConnell Unit.  (Dkt. No. 22 at 2).  But he does not point the Court to any specific alleged errors in the Magistrate Judge's recommendations.  *See Battle*, 834

F.2d at 421.  Because Pacheco-Morales has made a general objection, the Court does not consider it.  *See id.*

For the foregoing reasons, the Court **ACCEPTS** the M&R as the opinion of the Court.  Accordingly, the Court (1) **DISMISSES WITHOUT PREJUDICE** Pacheco-Morales's claims for damages against the Defendants in their official capacities, as barred by the Eleventh Amendment; (2) **DISMISSES WITHOUT PREJUDICE** Pacheco-Morales's claims for injunctive relief against the Defendants in their official capacities, as moot; and (3) **DISMISSES WITH PREJUDICE** Pacheco-Morales's claims against the Defendants in their individual capacities under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), for failure to state a claim for relief.  This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).  The Court **INSTRUCTS** the Clerk of Court to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

It is SO ORDERED.

Signed on August 2, 2022.

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**