Case 2:21-cv-00147 Document 51 Filed on 12/28/22 in TXSD Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
December 28, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| HECTOR PACHECO-MORALES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:21-CV-00147 |
| | § | |
| BRYAN COLLIER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Hector Pacheco-Morales (#02257486) is a Texas inmate who filed this prisoner civil rights actions under 42 U.S.C. § 1983. His case was summarily dismissed on screening and he now seeks to proceed *in forma pauperis* on appeal. For the reasons set forth below, the undersigned respectfully recommends that Plaintiff's Application to Proceed *In Forma Pauperis* on appeal (D.E. 40) be **DENIED**.

### I. PROCEDURAL BACKGROUND

Plaintiff filed this inmate civil rights action on June 17, 2021. He was permitted to proceed *in forma pauperis*. (D.E. 12). Plaintiff generally alleged Eighth Amendment deliberate indifference claims related to his health and medical care while incarcerated. (D.E. 1; D.E. 20 and D.E. 34). On August 2, 2022, his case was dismissed with prejudice and the dismissal was counted as a strike for purposes of 28 U.S.C. § 1915(g). (D.E. 33 and D.E. 34). Plaintiff filed a Notice of Appeal on August 12, 2022. (D.E. 36).

On November 4, 2022, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") on appeal. (D.E. 40). The Motion was granted on November 8, 2022. (D.E. 43). However, the undersigned recently learned that as of September 2022, Plaintiff had accumulated more than three strikes prior to the filing his application to proceed *in forma pauperis* on appeal. On December 28, 2022, the undersigned vacated the order granting Plaintiff's application to proceed *in forma pauperis* on appeal. (D.E. 50). Therefore, Plaintiff's application to application to proceed *in forma pauperis* on appeal (D.E. 40) remains pending.

## II.    DISCUSSION

Prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act, including the three strikes rule, 28 U.S.C. § 1915(g). The three strikes rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted is prohibited from bringing any more actions or appeals *in forma pauperis*. 28 U.S.C. § 1915(g); *Baños v. O'Guin,* 144 F.3d 883, 884 (5th Cir.1998) (per curiam); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir.1996). The three strikes rule provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee. 28 U.S.C. § 1915(g); *Baños,* 144 F.3d at 884.

Plaintiff has had at least three prior actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. *See Pacheco-Morales v. Richardson*, No. 4:21-cv-2256 (S.D. Tex. Nov. 9, 2022) (Order detailing Plaintiff's


strikes). Plaintiff is barred from filing a civil suit unless he is in imminent danger of physical injury.

This Court must assess whether plaintiff is exposed to imminent danger of serious injury at the time that he filed his motion. *Choyce v. Dominguez,* 160 F.3d 1068, 1071 (5th Cir. 1998) (per curiam) (citing *Baños,* 144 F.3d at 884–85). To satisfy the imminent danger requirement of § 1915(g), the threat must be "real and proximate." *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003) (citation omitted). In addition, the harm must be imminent or occurring at the time the complaint is filed, and the plaintiff must refer to a "genuine emergency" where "time is pressing." *Heimermann v. Litscher,* 337 F.3d 781, 782 (7th Cir. 2003) (per curiam) (citation omitted). Congress intended a safety valve to prevent impending harms, not those injuries which allegedly had already occurred. *Abdul–Akbar v. McKelvie,* 239 F.3d 307, 315 (3d Cir.2001) (en banc). "A court may find that a complaint does not satisfy the 'imminent danger' exception if the complaint's 'claims of imminent danger are conclusory or ridiculous.'" *Chavis v. Chappius,* 618 F.3d 162, 170 (2d Cir. 2010) (quoting *Ciarpaglini,* 352 F.3d at 331); *accord Andrews v. Cervantes,* 493 F.3d 1047, 1057 n. 11 (9th Cir. 2007) (same).

The factual background in this case is set forth in the undersigned's October 1, 2021 Memorandum and Recommendation to Dismiss Case. (D.E. 20). As set forth in the M&R, Plaintiff was only temporarily assigned to the TDCJ McConnell Unit in Beeville, Texas for a matter of weeks. Plaintiff had undergone a colonoscopy at the UTMB TDCJ Hospital in Galveston and was experiencing some rectal bleeding while at the McConnell Unit.

Plaintiff was taken to a local hospital for treatment and shortly thereafter was transported back to the TDCJ Hospital in Galveston for follow up treatment. Plaintiff was then returned to the McConnell Unit temporarily before being transferred to the LeBlanc Unit, a TDCJ facility with 24-hour medical services. The record indicates Plaintiff was seen and treated by doctors and medical personal at the McConnell Unit, a private hospital, and, on at least two occasions, at the TDCJ Hospital in Galveston and was subsequently transferred to a TDCJ facility with 24-hour medical services. There is no indication that he is exposed to imminent danger of serious injury. Plaintiff has lost the privilege of proceeding *in forma pauperis,* and he has failed to allege that he is in imminent danger of physical harm.

### III. RECOMMENDATION

Accordingly, it is respectfully recommended that Plaintiff's Motion to Proceed *In Forma Pauperis,* (D.E. 40), be **DENIED**.

Respectfully submitted on December 28, 2022.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).